O

# United States District Court
# Central District of California

| | |
|---|---|
| KEIMYAH WILLIAMS,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>ABM AVIATION, INC et al.,<br><br>　　　　　　　　　Defendants. | Case No. 2:24-cv-02181-ODW (JDEx)<br><br>**ORDER DENYING MOTION TO REMAND [22]** |

## I.   INTRODUCTION

Plaintiff Keimyah Williams filed this class action in the Superior Court of the State of California, County of Los Angeles against Defendant ABM Aviation, Inc. ("ABM"). (Notice Removal ("NOR") ¶ 1, ECF No. 1.) ABM removed the case on the grounds that the Court has jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). (*Id.* ¶¶ 9, 12.) Williams now moves to remand. (Mot. Remand ("Motion" or "Mot."), ECF No. 22.) For the following reasons, the Court finds that ABM establishes the jurisdictional requirements under CAFA, and thus, **DENIES** Williams's Motion to Remand.[1]

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

## II. BACKGROUND[2]

From early September 2022 through March 2023, ABM employed Williams as an hourly non-exempt employee. (NOR Ex. A ("Compl.") ¶ 4, ECF No. 1-1.) During Williams's employment, ABM maintained a practice that required her and similarly situated employees to remain on-duty during rest and meal breaks. (*Id.* ¶ 15(a).) ABM also maintained a practice of "rounding down" their clock-in and out times for meal periods to the nearest quarter of an hour. (*Id.* ¶ 15(b).) Based on these facts, Williams filed a class action complaint against ABM in the Superior Court of the State of California, County of Los Angeles. (*See generally* Compl.) Williams asserts seven causes of action against ABM: (1) failure to pay minimum wages; (2) failure to pay overtime wages; (3) failure to provide meal breaks; (4) failure to provide rest breaks; (5) failure to provide accurate wage statements; (6) failure to pay wages timely upon separations; and (7) violation of California's Business & Professional Code section 17200. (*Id.* ¶¶ 13, 17, 22, 27, 32, 34, 94.)

ABM removed the case to federal court pursuant to CAFA. (NOR ¶ 12.) Williams now moves to remand the case back to state court on the grounds that ABM fails to satisfy CAFA's jurisdictional requirements. (Mot. 4) ABM opposes Williams's Motion. (*See generally* Opp'n., ECF No. 35.) Williams did not file a Reply.

## III. LEGAL STANDARD

CAFA provides federal courts with jurisdiction over a putative class action if all the following requirements are met: (1) the amount in controversy exceeds $5 million; (2) at least one putative class member is a citizen of a state different from any defendant; and (3) the putative class exceeds 100 members. 28 U.S.C. § 1332(d)(2), (5). The removing defendant bears the burden of establishing CAFA jurisdiction, "including any applicable amount in controversy requirement." *Abrego*

---

[2] Background facts derive from Williams's well-pleaded allegations, unless otherwise noted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Abrego v. Dow Chem. Co.*, 443 F.3d 676, 682–83 (9th Cir. 2006) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). However, unlike cases removed under diversity jurisdiction, "no antiremoval presumption attends cases invoking CAFA." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

Although "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," when that allegation is challenged, "[e]vidence establishing the amount is required." *Id*. "[B]oth sides submit proof," and the court determines whether the defendant has demonstrated, by a preponderance of the evidence, that the amount in controversy requirement has been satisfied. *Id*. at 88. Such evidence may include "affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (internal quotation marks omitted).

Whether the defendant meets its burden of demonstrating the amount in controversy is "to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." *Id*. at 1198. "[M]ere speculation and conjecture, with unreasonable assumptions," does not suffice. *Id*. at 1197.

## IV.   DISCUSSION

The parties do not dispute the numerosity element of CAFA. So, the disputed issues are whether ABM has established that "minimum diversity" exists and whether the amount in controversy exceeds CAFA's $5 million jurisdictional threshold.

Williams challenges ABM's removal on the grounds that: (1) the declaration of Adam Thiesen in support of ABM's removal is insufficient to meet ABM's evidentiary burden; (2) ABM fails to establish minimum diversity; (3) ABM's affirmative defense that "Damages Are Uncertain" precludes federal jurisdiction under CAFA; and (4) ABM relies on an unreasonable violation rate to establish the

1  amount in controversy exceeds $5 million. (Mot. 7–14.) Williams also seeks to
2  recover the attorney's fees that result from bringing this Motion. (*Id*. at 15–16.)

3  **A.  Thiesen Declaration**

4  Generally, courts in the Ninth Circuit have found declarations from
5  knowledgeable corporate personnel to be sufficient evidence for the purpose of
6  establishing CAFA. *Avila v. Rue21, Inc.*, 432 F. Supp. 3d 1175, 1186–87 (E.D. Cal.
7  2020); *Andrade v. Beacon Sales Acquisition, Inc.*, No. 2:19-cv-06963-CJC (RAOx),
8  2019 WL 4855997, at *4 (C.D. Cal. Oct. 1, 2019) (finding as sufficient evidence a
9  knowledgeable employee's declaration based on review of business records.) A
10 defendant's evidentiary submissions alone are sufficient to establish CAFA
11 jurisdiction when a plaintiff fails to provide evidence to rebut the defendant's
12 submissions. *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 401 (9th Cir. 2010).

13 Here, ABM supports its removal with the Declaration of Adam Thiesen,
14 Director of Entitlement Management at ABM Industries Incorporated ("AII"), ABM's
15 parent company. (Decl. Adam Thiesen ISO NOR ("Thiesen Decl.") ¶ 1, ECF No. 3.)
16 Williams contends that Thiesen lacks sufficient personal knowledge to determine the
17 amount in controversy because he is employed at AII, and not directly by ABM.
18 (Mot. 12.)

19 Thiesen attests that he has worked for ABM's parent company, AII, for fifteen
20 years, primarily in Payroll, Time, and Attendance functions. (Thiesen Decl. ¶ 1.)
21 Thiesen reviewed and relied on ABM's employee business records, including
22 statistics and data from ABM's HR and payroll information systems. (*Id.* ¶¶ 4, 7.)
23 Based on ABM's business records, Thiesen reports: (1) the number of non-exempt
24 hourly California employees in the putative class, both active and separated, since
25 December 27, 2019; (2) the number of paychecks issued to these employees; (3) the
26 number of employees separated since December 27, 2020; and (4) the number of
27 paychecks issued to putative class members since December 27, 2022. (*Id.* ¶¶ 7–10.)
28 Given that Thiesen relied on his review of ABM's employee business records for this

data, his personal knowledge serves as a sufficient evidentiary basis for jurisdictional purposes. *See Aguirrie v. Oak Harbor Freight Lines, Inc.*, No. 2:23-cv-00516 WBS DB, 2023 WL 4466911, at *2 (E.D. Cal. July 11, 2023) (finding a knowledgeable employee's declaration based on personal knowledge and review of business records as adequate evidentiary foundation for jurisdictional conclusions). The Court finds Thiesen possesses sufficient personal knowledge of ABM's employee data and Williams's Motion fails on this basis.

## B. Minimum Diversity Requirement Under CAFA

Under CAFA, minimum diversity is met if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). It is well established that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." *Id.* § 1332(c)(1). A corporation's principal place of business is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010).

Here, ABM alleges, and Williams does not dispute, that Williams is a citizen of California. (NOR ¶¶ 20–21; *see generally* Mot.) ABM also submits declaration testimony that ABM is incorporated in Georgia and has its principal place of business in Texas. (Thiesen Decl. ¶¶ 5–6.) Therefore, ABM establishes that Williams is a citizen of a different state than ABM at the time of removal, which is sufficient for minimum diversity under CAFA.

Williams appears to contend that ABM has not sufficiently alleged minimum diversity because it claims the citizenship of its parent company, AII. (Mot. 8–9.) However, Williams does not provide evidence to counter ABM's or show that minimum diversity is not met, (*id.*), and ABM does *not* claim the citizenship of its parent company (a fact which ABM reaffirms in its Opposition). (Opp'n 12; *see also* NOR ¶¶ 22–26.) Thus, Williams's assertion is unfounded, and consequently does not

change the Court's determination that ABM sufficiently demonstrates minimum diversity under CAFA.

### C.     ABM's Fifteenth Affirmative Defense

Williams next argues that ABM's affirmative defense—that "damages are uncertain"—limits the amount in controversy and precludes CAFA jurisdiction. (Mot. 9–11.)

Generally, a defendant's affirmative defense that the plaintiff's damages should be limited "does not preclude federal jurisdiction." *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1108 (9th Cir. 2010).  This is because a defendant's affirmative defense is not included in the calculus of the plaintiff's amount in controversy.  *See id.* ("[I]f a district court had to evaluate every possible defense that could reduce recovery below the jurisdictional amount the district court would essentially have to decide the merits of the case before it could determine if it had subject matter jurisdiction."); *Garcia v. ACE Cash Express, Inc.*, No. 8:14-cv-0285-DOC (RNBx), 2014 WL 2468344, at *3 (C.D. Cal. May 30, 2014) (finding affirmative defenses, counterclaims, and potential offsets inapplicable for purposes of calculating the amount in controversy).

Here, in response to Williams's Complaint, ABM asserts fifty-one affirmative defenses.  (NOR Ex. F ("Answer") ¶¶ 1–51, ECF No. 1-6.)  ABM asserts as its fifteenth Affirmative Defense that "Plaintiff's losses, if any, are speculative or uncertain or both, and therefore not compensable." (*Id.* ¶ 15.)  Williams contends that this assertion is a judicial admission that bars this case from federal jurisdiction under CAFA. (Mot. 10–11.)  Williams is mistaken.  As noted, an affirmative defense alone does not preclude federal jurisdiction. *Geographic Expeditions, Inc.*, 599 F.3d at 1108 ("[J]ust because a defendant might have a valid defense that will reduce recovery to below the jurisdictional amount does not mean the defendant will ultimately prevail on that defense.").  Thus, ABM's fifteenth Affirmative Defense does not preclude federal jurisdiction under CAFA.

**D.     Violation Rates & Amount In Controversy**

Finally, Williams contends that ABM unreasonably applies a 100% violation rate to each allegation. (Mot. 13–14.)

A 100% violation rate has been found unreasonable when a complaint alleges a "pattern and practice" of violations. *Kincaid v. Educ. Credit Mgmt. Corp.*, No. 2:21-cv-00863-TLN-JDP, 2022 WL 597158, at *4 (E.D. Cal. Feb. 28, 2022) (citing *Ibarra*, 775 F.3d at 1199). Rather, courts in the Ninth Circuit have typically found a violation rate between 20% and 60% to be reasonable in such cases. *Id.*; *see also Bryant v. NCR Corp.*, 284 F. Supp. 3d 1147, 1151 (S.D. Cal. Feb. 22, 2018) (finding 60% violation rate for meal period claim and 30% violation rate for rest period claim reasonable based on plaintiff's "policy and practice" allegations); *Olson v. Becton, Dickinson & Co.,* No. 19-cv-865-MMA (BGS), 2019 WL 4673329, at *4–5 (S.D. Cal. Sept. 25, 2019) (finding a 25% violation rate appropriate based on the plaintiff's "pattern and practice" allegations). Further, as established above, declarations from knowledgeable personnel may "lay a sufficient evidentiary foundation to determine the amount in controversy." *Diaz v. Ardagh Metal Beverage USA, Inc.*, No. 2:22-cv-00100-TLN-KJN, 2022 WL 3368537, at *3 (E.D. Cal. Aug. 15, 2022).

In its Notice of Removal, ABM estimates an amount in controversy of $7,835,508 based solely on Williams's claims for minimum wage, overtime, and meal and rest break violations. (Opp'n 18.) ABM's assumptions, calculations, and estimates rely on Thiesen's declaration testimony, Williams's allegations, and the lowest hourly minimum wage rate for large employers at the time. (*See id.* at 15–18; NOR ¶¶ 37–54.)

Contrary to Williams's argument, ABM does not apply a 100% violation rate to her causes of action. For the minimum wage and overtime claims, ABM estimates one hour per workweek of unpaid wages. (Opp'n 17.) ABM's estimate hinges on Williams's allegations that ABM employed a policy and practice that (1) required Williams and others similarly situated employees to remain on-duty during their off-

the-clock meal breaks, and (2) truncated Williams's and other similarly situated employees' clock-in and clock-out times for their meal periods to the nearest quarter of an hour. (*Id.*; *see also* Compl. ¶¶ 42, 52.) Upon review of Williams's allegation, ABM's evidence, and the relevant caselaw, the Court finds ABM's assumption of one hour per workweek reasonable. *See e.g.*, *Soto v. Greif Packaging LLC*, No. 8:17-cv-2104-JVS (JDEx), 2018 WL 1224425, at *3 (C.D. Cal. Mar. 8, 2018) (finding it reasonable to assume one hour of unpaid wages per employee per workweek where plaintiff alleged that defendant consistently and regularly failed to pay him and the class members for all hours worked).

Regarding Williams's meal and rest break claims, ABM assumes one missed meal break and one missed rest break per workweek, equaling a violation rate of 20%. (Opp'n 17.) As with the minimum wage and overtime claim, ABM does not apply a 100% violation rate as Williams contends. Rather, ABM grounds its assumed violation rate in Williams's allegations that she and the putative class members were always on duty during breaks, never given uninterrupted meal periods, and that ABM rounded down their clock-in and clock-out time. (*Id.*; NOR ¶¶ 52–54; *see* Compl. ¶¶ 60, 68.) Based on Williams's allegations, the Court finds ABM's assumed 20% violation rate reasonable and conservative. *See, e.g.*, *Diaz*, 2022 WL 3368537, at *5–6 (finding 30% meal break violation rate and 60% rest break violation rate reasonable).

Based on the reasonable assumed violation rates identified above, the employee data to which Thiesen attests, and the lowest hourly minimum wage rate for large employers permitted by law during the relevant time, ABM estimates a total amount of $7,835,508 in controversy solely for Williams's alleged minimum wage, overtime, and missed meal and rest break violations. (Opp'n 18.) As Williams does not challenge ABM's calculations, and the Court rejects her moving arguments for the reasons discussed above, the Court finds that ABM satisfies its burden to establish an amount in controversy sufficient for CAFA jurisdiction.

### E. Attorney's Fees

Finally, Williams seeks to recover attorneys' fees pursuant to 28 U.S.C. § 1447(c), which provides that "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." However, "[a]bsent unusual circumstances, attorney's fees should not be awarded [under § 1447(c)] when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 136 (2005.) Here, ABM removed this case under CAFA's jurisdictional purview and, as demonstrated by the analyses above, ABM had an objectively reasonable basis for doing so. Thus, as the Court does not remand, Williams is not entitled to attorneys' fees.

## V. CONCLUSION

For the reasons discussed above, the Court **DENIES** Williams's Motion to Remand. (ECF No. 22.)

**IT IS SO ORDERED.**

July 12, 2024

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

9